UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BETTY'S FOUNDATION FOR THE ELIMINATION OF ALZHEIMER'S DISEASE,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY CHRISTIAN CENTER OF SANTA ANA, INC., TRINITY BROADCASTING NETWORK, INC., and DOES 1–10,<br><br>Defendants. | Case No.: SACV 20-02146-CJC(ADSx)<br><br>AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. 24] |

## I. INTRODUCTION

Plaintiff Betty's Foundation for the Elimination of Alzheimer's Disease brings this trademark infringement action against Defendants Trinity Christian Center of Santa Ana,

Inc., Trinity Broadcasting Network, Inc., and unnamed Does.  Now before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint.  (Dkt. 24.)  For the following reasons, Defendants' motion is **GRANTED**.[1]

**II. BACKGROUND**

Plaintiff is a charitable foundation that raises funds for Alzheimer's research and works to educate families about Alzheimer's Disease.  (Dkt. 20 [First Amended Complaint, hereinafter "FAC"] ¶ 11.)  Since 2009, Plaintiff has held an annual music festival "benefiting Alzheimer's disease research" that it calls the "Remember the Music Festival."  (*Id.* ¶ 12.)  Plaintiff is the owner of a registered trademark in "Remember the Music."  (*Id.* ¶ 13.)  Defendants operate the Trinity Broadcasting Network, which is a Christian television broadcaster.  (*Id.* ¶ 8.)  One show produced by Defendants is called "Remember the Music" and it focuses on the lives, careers, and music of various Christian music artists.  (*Id.* ¶¶ 20–21.)

Plaintiff alleges that Defendants have used Plaintiff's "Remember the Music" mark in connection with (1) Defendants' music-themed television series, (2) the promotion and advertisement of that series, (3) the sale of related merchandise such as DVDs, and (4) music concerts.  (*Id.* ¶ 19.)  On March 3, 2021, Plaintiff filed this action alleging claims for (1) federal trademark infringement under the Lanham Act, (2) false designation of origin under the Lanham Act, (3) common law trademark infringement (4) common law unfair competition, (5) violation of California's Unfair Competition Law, and (6) cancellation of Defendants' infringing trademark application.  (*Id.* ¶¶ 40–83.)  Defendants filed a motion to dismiss and Plaintiff opposed.  (*See* Dkts. 24, 26.)

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for April 19, 2021, at 1:30 p.m. is hereby vacated and off calendar.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. 544, 555 (2007).

## IV. DISCUSSION

Plaintiff brings claims for (1) federal trademark infringement under the Lanham Act, (2) false designation of origin under the Lanham Act, (3) common law trademark infringement (4) common law unfair competition, (5) violation of California's Unfair Competition Law, and (6) cancellation of Defendants' infringing trademark application. Dismissal of each claim is warranted.

### A. Plaintiff's First Five Claims for Trademark Infringement, False Designation of Origin, and Unfair Competition.

Defendants argue that Plaintiff's first five claims are barred by the First Amendment's interest in protecting artistic expression. The Court agrees.[2] The Lanham Act "creates a comprehensive framework for regulating the use of trademarks and protecting them against infringement, dilution, and unfair competition." *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 263 (9th Cir. 2018). Ordinarily, to succeed on a Lanham Act claim, a plaintiff must demonstrate that (1) "it has a valid, protectable trademark" and (2) "the defendant's use of the mark is likely to cause confusion." *Id.* at 264.

However, when artistic expression is at issue, the Ninth Circuit applies the "*Rogers* test to strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademarks rights." *Id.* (citing *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989)). Under *Rogers*, the Lanham Act does not apply to artistic works unless the "public interest in avoiding consumer confusion outweighs the public interest in free expression." *Id.* at 264 (quoting *Rogers*, 875 F.2d at 999). More specifically, courts apply the Lanham Act to artistic works only when "the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work." *Id.* The *Rogers* test thus "requires the defendant to make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment." *Id.* "If the defendant successfully makes that threshold showing, then the plaintiff claiming trademark infringement must show (1) that it has a valid, protectable trademark, and (2) that the mark is either not artistically relevant to the underlying work

---

[2] Because "state common law claims of unfair competition and actions pursuant to [California's Unfair Competition Law] are 'substantially congruent' to claims made under the Lanham Act," the Court considers Plaintiff's first five claims under the same standard. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

*or* explicitly misleading as to the source or content of the work." *Id.* (quotations omitted). "If the plaintiff satisfies both elements, it still must prove that its trademark has been infringed by showing that the defendant's use of the mark is likely to cause confusion." *Id.*

### 1. Expressive Work

Defendants use the "Remember the Music" mark as part of an expressive work protected by the First Amendment. Plaintiff alleges that Defendants have used the mark in connection with (1) their music-themed television series, (2) the promotion and advertisement of that series, (3) the sale of related merchandise such as DVDs, and (4) music concerts.

First, Defendants' television show and related advertising and merchandise sales qualify as an expressive work. A "television show itself is clearly an expressive work." *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017). And while "promotional efforts technically fall outside the title or body of an expressive work, it requires only a minor logical extension of the reasoning of *Rogers* to hold that works protected under its test may be advertised and marketed by name." *Id.* at 1196–97. Promotional activities covered by the *Rogers* test may include "appearances by cast members in other media, radio play, online advertising, live events, and the sale or licensing of consumer goods." *Id.* at 1196. Accordingly, Defendants' advertisements and merchandise sales related to its television show, "Remember the Music," are protected as part of an expressive work.

Second, Plaintiff has not sufficiently alleged that Defendants used the "Remember the Music" mark in connection with a concert. Plaintiff alleges that Defendants used the mark in association with two specific concerts in Franklin, Tennessee. (FAC ¶¶ 31–32.)

But the article included in Plaintiff's FAC states that the concerts were actually called "Music, Moments, and Memories." (*See id.* ¶ 31.) Although the article states that video of the concerts appeared in Defendants' "Remember the Music" show, Plaintiff has failed to allege that the "Remember the Music" mark was used in connection with these concerts themselves or with any other concert.[3]

Because Defendants used the "Remember the Music" mark in connection with artistic works, the Lanham Act applies only if "the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work." *Gordon*, 909 F.3d at 263. Plaintiff has failed to allege facts indicating that either condition is met.

### 2.     Artistic Relevance

Defendants used the title, "Remember the Music" for artistically relevant reasons. "[T]he level of artistic relevance of the trademark or other identifying material to the work merely must be above zero." *Id.* at 269. A title may have artistic relevance by supporting the themes and subject matter of the underlying work. *Twentieth Century Fox*, 875 F.3d at 1198. For example, in *Twentieth Century Fox*, the plaintiff, a television production company sought a declaratory judgment that its television show, "Empire," did not violate the trademark rights of the defendant, a record label called "Empire Distribution." *Id.* at 1196. The Ninth Circuit held that the plaintiff's use of the mark "Empire" as the title of its television show had artistic relevance because "the show's setting is New York, the Empire State, and its subject matter is a music and entertainment conglomerate, 'Empire Enterprises,' which is itself a figurative empire." *Id.* at 1198.

---

[3] While the Court ordinarily cannot consider documents outside the pleadings when considering a motion to dismiss, a court may consider "documents attached to the complaint" or "incorporated by reference in the complaint." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Here, Plaintiff's FAC references the article and provides a link to it. (FAC ¶¶ 31–32.)

Like "Empire," "Remember the Music" describes the subject matter of Defendants' television show, which covers the lives, careers, and music of various Christian music artists. (*See* FAC ¶¶ 20–21.) Accordingly, the Court cannot say that Defendants' "Remember the Music" title has "no artistic relevance to the underlying work whatsoever." *See Twentieth Century Fox*, 875 F.3d at 1198.

### 3. Explicitly Misleading

As in this case, when "the use of a mark is artistically relevant to the underlying work, the Lanham Act does not apply unless the title explicitly misleads as to the source or the content of the work." *Twentieth Century Fox*, 875 F.3d at 1199; *Gordon*, 909 F.3d at 270 ("The key here is that the creator must *explicitly* mislead consumers, [so courts] focus on the nature of the junior user's behavior rather than on the impact of the use." (original quotations and brackets omitted)). The mere use of a trademark alone typically cannot suffice to make such use explicitly misleading. *See Gordon*, 909 F.3d at 270.[4] Rather, courts consider both the context in which the mark was used and the junior user's artistic contribution to the work. *Id.* When the junior user uses the mark in a different context than the senior user, courts ordinarily require "explicit indication[s], overt claim[s], or explicit misstatement[s]" associating the work with the senior user. *Twentieth Century Fox*, 875 F.3d at 1199. In contrast, when the junior user uses the mark in the same way as the senior user, courts consider "the extent to which the junior user

---

[4] In *Gordon*, the Ninth Circuit recognized that it has "repeatedly observed that 'the mere use of a trademark alone cannot suffice to make such use explicitly misleading.'" *Gordon*, 909 F.3d at 270. It noted, however, that it is possible for "the use of a mark alone [to] explicitly mislead consumers about a product's source if consumers would ordinarily identify the source by the mark itself." *Id.* To illustrate circumstances in which the use of a mark alone would be explicitly misleading, the Ninth Circuit described a hypothetical in which "an artist pastes Disney's trademark at the bottom corner of a painting that depicts Mickey Mouse." *Id.* There, the court stated that "use of Disney's mark, while arguably relevant to the subject of the painting, could explicitly mislead consumers that Disney created or authorized the painting." *Id.* Unlike Disney in the Ninth Circuit's hypothetical, Plaintiff Betty's Foundation for the Elimination of Alzheimer's Disease is not ordinarily identifiable by the "Remember the Music" mark.

has added his or her own expressive content to the work beyond the mark itself." *Gordon*, 909 F.3d at 270; *Caiz v. Roberts*, 382 F. Supp. 3d 942, 950 (C.D. Cal. 2019). "[W]hen the mark is used as only one component of a junior user's larger expressive creation," it is unlikely that the junior user explicitly misled consumers. *Id.* (quoting *Rogers*, 875 F.2d at 999) (explaining that such use "at most implicitly suggests" an association with the mark's owner). On the other hand, "using a mark as the centerpiece of an expressive work itself, unadorned with any artistic contribution by the junior user, may reflect nothing more than an effort to induce the sale of goods or services by confusion." *Id.*

Here, Plaintiff has failed to allege that Defendants used the "Remember the Music" mark in the same context as Plaintiff. Plaintiff uses the mark as the name of an "annual music festival benefiting Alzheimer's disease research." (FAC ¶ 12.) While Plaintiff alleges that Defendants used the "Remember the Music" mark in connection with two concerts, the article cited in Plaintiff's FAC shows that the concerts were actually called "Music, Moments, and Memories." (*Id.* ¶ 31.) Although video of the concerts appeared in Defendants' "Remember the Music" show, Plaintiff has failed to allege that the "Remember the Music" mark was used in connection with these two concerts themselves or any other concert.

Aside from the "Music, Moments, and Memories" concerts, Plaintiff alleges that Defendants used the mark in connection with its television show and related advertising and merchandise sales—contexts different than the one in which Plaintiff employed the mark. *See Gordon*, 909 F.3d at 270 (citing *Twentieth Century Fox*, 875 F.3d 1192) (stating that in *Twentieth Century Fox*, the mark "Empire" was used in different contexts when the senior user used it as the name of its record label and the junior user used it as the name of its TV show about a record label called "Empire Enterprises"). Because Defendants used the mark in a different context than Plaintiff, the Lanham Act applies

only if Defendants made "explicit indication[s], overt claim[s], or explicit misstatement[s] about the source of the work." *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (quotations omitted) (noting the "high bar" for concluding that use of a mark is "explicitly misleading"). Plaintiff does not allege that Defendants made any overt claims or explicit references to Plaintiff's foundation, the purpose of its foundation, or its "Remember the Music Festival."

Furthermore, Defendants used the mark as only one component of their larger expressive creation, the "Remember the Music" television show. The Ninth Circuit stated in *Gordon* that when a mark is used as "the title of an expressive work—such as the title of a movie, a song, a photograph, or a television show—the mark obviously serve[s] as only one element of the [work] and the [junior user's] artistic expressions." *Gordon*, 909 F.3d at 271 (citations omitted). Such use "at most implicitly suggest[s] that the product is associated with the mark's owner," which is insufficient to warrant the application of the Lanham Act. *Id.*

### B. Plaintiff's Sixth Claim for Cancellation of Infringing Trademark Application

Plaintiff's FAC also alleges that Defendants' trademark application should be cancelled under 15 U.S.C. § 1119. But § 1119 applies only to registered trademarks, not trademark applications. 15 U.S.C. § 1119. Accordingly, Plaintiff's opposition concedes that its claim for cancellation of Defendants' trademark application is premature. (Dkt. 26 at 17.) Plaintiff does not oppose Defendants' motion to dismiss this claim. *See* Local Rule 7-12; *Menell v. Rialto Unified Sch. Dist.*, 2016 WL 3452920, at *2 (C.D. Cal. June 20, 2016) (declining to oppose a motion "may be deemed consent to the granting of the motion").

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's First Amended Complaint is **GRANTED**. Plaintiff's claims are **DISMISSED WITH FOURTEEN DAYS LEAVE TO AMEND.**

DATED: April 6, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE